UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COLLEEN NUTTER,

        Plaintiff,

   v.

KANSAS STATE UNIVERSITY, *et al.*,

        Defendants.

CASE NO. C18-0969RSL

ORDER

On July 27, 2018, the Clerk of Court was directed to terminate the above-captioned matter as barred under the terms of an order entered on in 2006 in <u>Nutter v. Kan. State Univ.</u>, C05-1910RSL (Dkt. # 6). Ms. Nutter subsequently submitted a signed statement arguing that the case should be allowed to proceed because it involves an allegation of theft, the "new cause of action accrues and the statute of limitations starts to run when the Plaintiff knows or has reason to know the facts forming the basis of the action," and the claim relates back to prior filings. Dkt. # 5.

The proposed complaint alleges that defendants falsely accused plaintiff of issuing a check that bounced for insufficient funds when, in fact, a Kansas State University employee had stolen the money. Plaintiff does not allege, and there are no facts giving rise to an inference that, she just learned of the alleged theft. Ms. Nutter was aware that the check had been deemed

ORDER – 1

uncollectible by the University by 1988 at the latest. There are no factual allegations supporting her claim that the money was stolen, and she offers no explanation for why she waited over twenty years to seek redress for the alleged wrong.

With regards to the "relate back" argument, even if the new claim could relate back to Ms. Nutter's earlier filings, those complaints were dismissed as barred by the doctrine of *res judicata* and/or the applicable statute of limitations. The new theft claim cannot be saved by its relationship to defective predecessors. The new action may not proceed.

Dated this 17th day of August, 2018.

Robert S. Lasnik
United States District Judge

ORDER – 2